IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00491-FDW

| | |
|---|---|
| DON JUAN R. RAINEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| C.E. SINGER, B.L. DAVIS, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on an initial review of the pro se complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983. For the reasons that follow, this action will be dismissed.

I. BACKGROUND

On July 26, 2014, Plaintiff was charged with the possession of a firearm by a convicted felon following a vehicle stop in Gaston County by Officer B.L. Davis, who initiated the stop after receiving information that the vehicle had an expired registration. There were four occupants in the vehicle, although the owner was not among them. Each of the occupants was asked to produce identification, and Officer Davis asked whether anyone had a phone number for the driver but they were unable to produce any contact information. Officer Davis spoke with Mason Rainey, who was the driver of the vehicle, and he noted an odor of alcohol on his breath. Mason Rainey consented to a search of his person which yielded no contraband. Officer Davis next spoke with Dameon McCorkle, who had been in the back seat and he consented to a search of his person; this also yielded no contraband. Officer Davis next approached Plaintiff and Davis stated that he noted a strong smell of marijuana emanating from him, although Plaintiff claims that Officer Davis only made that statement because he found out that Plaintiff had pending

1

charges for the possession of marijuana.

According to a police report attached to the complaint, Plaintiff provided Officer Davis with consent to search him; Officer Davis located a plastic bag in his front pocket which contained a number of white pills that were later determined to be antibiotics.[1] Officer Davis then began a search of the vehicle and immediately located a black Colt handgun under the seat that had been occupied by Plaintiff. One of the passengers then informed Officer Davis that there was a Hi Point .45 caliber handgun located in the trunk of the vehicle. The gun was retrieved from the trunk and Sergeant Singer photographed the weapon and it was checked for ammunition. According to Officer Davis, he overheard Plaintiff admit that the firearm belonged to him, but only after he had stolen it from other individuals. Officer Davis next reports that he captured Plaintiff's admissions on an audio recording. Meanwhile, Officer Lefevers, who recently arrived at the scene, administered a two Alco-Sensor tests to Mason Rainey, each of which registered .14, or nearly two times the legal limit. Officer Davis placed Mason under arrest for DWI, and Plaintiff was arrested for possession of firearm by a felon. According to the website of the North Carolina Department of Public Safety, Plaintiff was convicted of the weapons charged on January 6, 2015, and sentenced to an active term of nearly four years' imprisonment.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims

---

[1] Plaintiff refers to the police narrative in his complaint in an apparent effort to support the allegations that his Fourth Amendment rights were violated. The Court considers the narrative and finds that it is integral to the complaint. See Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citation omitted).

2

or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

In his claim for relief, Plaintiff requests first that his conviction for possession of a firearm by a felon by expunged, and second that he receive damages in the amount of $100,000 to compensate him for the time he has spent in prison.

It is well-settled under the principles announced by the Supreme Court in Heck v. Humphrey that a plaintiff cannot receive damages or equitable relief for an allegedly unconstitutional conviction or imprisonment without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus. 512 U.S. 477, 486-87 (1994). See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Thus, the Court must consider whether a judgment in Plaintiff's favor would necessarily imply the invalidity of his convictions. If it would, then the Court must dismiss the complaint unless Plaintiff can demonstrate that one or more of the convictions have been set aside or vacated. Heck, 512 U.S. at 487.

According to the complaint and the DPS website, Plaintiff is a prisoner of the State of North Carolina with a projected release date of September 4, 2016; therefore it does not appear

3

that the conviction has been vacated or set aside. Consequently, the claims for damages or equitable relief for an allegedly unconstitutional conviction will be dismissed.[2]

Plaintiff's challenge to the legality of conviction or sentence sounds in habeas, therefore the Court will caution him that he should bring those claims, if at all, through a petition pursuant to 28 U.S.C. § 2254. The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from timely filing;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).[3]

However, Plaintiff is notified that he must first exhaust his state remedies before filing a § 2254 petition. The AEDPA provides as follows:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

---

[2] Plaintiff acknowledges that Officer Davis stated that he smelled a strong odor of marijuana and one of the passengers admitted that there was a handgun in the trunk. Based on these facts, and other facts in the complaint, any Fourth Amendment claim would have been meritless because Officer Davis had probable cause to search the car based on his observations that there was likely contraband present.

[3] Plaintiff does not indicate whether he appealed his conviction or sentence which was imposed on January 6, 2015.

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)

(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

There is no indication in this record that Petitioner has ever presented any challenge to his State judgment on direct appeal or through a motion for appropriate relief. Accordingly, Plaintiff should first present his challenges to his judgment in state court.

### III. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has not demonstrated that he is entitled to any relief in this § 1983 proceeding, and his complaint will be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED**. (Doc. No. 1).

The Clerk of Court is respectfully directed to mail Petitioner a blank § 2254 form along with a copy of this Order and to close this civil case.

**SO ORDERED**.

Signed: May 12, 2016

Frank D. Whitney
Chief United States District Judge